1
2
3
4
5
6
7

8                        UNITED STATES DISTRICT COURT

9                        EASTERN DISTRICT OF CALIFORNIA

10

11   UNITED STATES OF AMERICA,              No.  2:05-cv-02457-MCE-EFB

12                  Plaintiff,

13         v.                               **MEMORANDUM AND ORDER**

14   JAMES L. FRANKLIN,

15                  Defendant.

16

17         Currently before the Court is Plaintiff United States of America's ("Plaintiff")

18   Motion for Entry of Amended Judgment against Defendant James L. Franklin

19   ("Defendant") pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure.  ECF

20   No. 14.  Defendant formerly stipulated to a judgment for a reduced federal tax penalty

21   and entered into an agreement to pay the penalty within a specified time period.  J. 1,

22   ECF No. 13.  The judgment noted that an amended judgment would be filed for the full

23   liability amount if Defendant did not pay in accordance with the parties' agreement.  J. 2.

24   Plaintiff contends that Defendant has defaulted on the agreement and seeks an

25   amended judgment for the full Trust Fund Recovery Penalties of $545,680.99[1] (after

26

27         _____

           [1] Because there were prior payments not applied to Defendant's original judgment, Plaintiff
28   recalculated the total current liability amount based on these credits and more recent payments.  Decl. of
     Revenue Officer Carol Leibrand ¶¶ 15-17, ECF No. 22-1.

                                            1

1   credits and with accrued interest).[2]  Pl.'s Mem. P. & A. 3, ECF No. 14-1.  For the

2   following reasons, the Motion is GRANTED.[3]

3

4                                      **BACKGROUND**

5

6       Between 1991 and 1999, Defendant failed to pay withheld income and Federal

7   Insurance Contributions Act (FICA) taxes for his four construction companies:

8   JL Construction Company, The Stratus Group, Stratus Development, Inc., and Marina

9   Group, LLC.  Compl. ¶¶ 5-13, ECF No. 1.  He was criminally charged in connection with

10   Marina Group, LLC and pled guilty to one count of willfully failing to pay federal

11   employment taxes of $63,925.80.  United States v. James L. Franklin, No. 2:05-CR-

12   00192, ECF No. 4 (E.D. Cal. June 20, 2005).  After the criminal disposition, Plaintiff

13   brought a civil action against Defendant seeking a total of $504,418.06 in tax

14   assessments, accrued interest, and statutory additions for the unpaid employment taxes

15   at all four of Defendant's construction companies.  Compl. at 4.  Plaintiff agreed to lower

16   the penalty to $294,000.00 on the condition that Defendant paid $50,000 every six (6)

17   months until payment was complete.  Settlement Agreement Ex. C, at 2-3, ECF

18   No. 14-5.  Additionally, the settlement agreement required Defendant to sign an

19   amended judgment in the amount of $504,418.08 plus interest.  Id. at 3.  In the event

20   Defendant materially defaulted in making payments, the parties agreed that the

21   ///

22

23       [2] Defendant seeks an opportunity to file a response to Plaintiff's Reply and Supplemental Reply,
arguing that the declarations attached therein constitute new evidence and new arguments.  Generally, a
court should not consider new evidence offered in reply without giving the non-moving party an opportunity

24   to respond to the new evidence.  Provenz v. Miller, 102 F.3d 1478, 1483 (9th Cir.1996).  However, the
Court finds that the declarations were not offered as new evidence, but rather provided to rebut factual

25   assertions submitted by Defendant in his Opposition (regarding the remaining balance and alleged
modification of the original judgment).  See Alvarez v. T-Mobile USA, Inc., No. 2:10-cv-2373, 2011 WL

26   6702424, at *1 n.1 (E.D. Cal.).  Furthermore, the Court relies on these declarations in its holding only to
the extent it reduces the total penalties owed by Defendant.  Accordingly, Defendant's request is DENIED.

27

28       [3] Because oral argument would not be of material assistance, the Court resolves this matter on
Plaintiff's brief.  E.D. Cal. Local R. 230(g); ECF No. 20.

1  amended judgment would be filed with the Court.  Id.  On October 24, 2006, this Court
2  entered a judgment confirming the settlement agreement. J. at 2.

3      As of July 2008, Defendant had paid approximately $138,735.10 towards the
4  settlement amount.  Pl.'s Mem. P. & A. at 3.  However, at some point in 2008, Defendant
5  lost his job and stopped making payments.  Opp'n 3, ECF No. 18.  In 2008, 2010, and
6  2012, Defendant or his attorney sent three letters to the Tax Division of the U.S.
7  Department of Justice ("DOJ") seeking modification of the settlement agreement due to
8  the changed circumstances in Defendant's finances.  Id. at 3.   On January 17, 2012, the
9  DOJ responded to Defendant's 2012 letter and stated that the government would not
10  consider a modification until Defendant sent copies of his three most recent federal
11  individual income tax returns to prove compliance with his federal tax obligations.  DOJ
12  Letter Ex. 6, at 20, ECF No. 18-1.  The DOJ's response further stated that final action on
13  the offer would only "be taken by the Attorney General, or an official designated by him
14  for this purpose."  Id. at 21.  Defendant failed to provide his three most recent federal tax
15  returns as requested, and the DOJ deemed Defendant's request for modification
16  withdrawn on April 3, 2012.  DOJ Letter Ex. A, at 2, ECF No. 19-3; Franklin Letter Ex. 7,
17  at 24, ECF No. 18-1.

18      In 2013, in an unrelated case, the Internal Revenue Service ("IRS") assigned
19  Revenue Officer Carol Leibrand ("Officer Leibrand") to collect unpaid income tax
20  liabilities from Defendant.  Leibrand Decl. at 2, ECF No. 19-1.  Officer Leibrand then
21  discovered that in addition to federal income taxes, Defendant also owed payments on
22  the 2006 judgment.  Id. at 2.  Unsure how to proceed, Officer Leibrand informed
23  Defendant that she would be working with the DOJ to determine what actions should be
24  taken in connection with payments for the 2006 judgment.  Id.  Subsequently, Officer
25  Leibrand and Defendant arranged for Defendant to pay $800.00 per month to the DOJ
26  for the 2006 judgment and $400.00 per month to the IRS for the new income tax
27  liabilities.  Opp'n at 4; Pl.'s Reply to Opp'n 3, ECF No. 19.  Since November 2013,
28  ///

3

1  Defendant has consistently made the $800 monthly payments to the DOJ for the 2006

2  judgment.  Opp'n at 5; Pl.'s Reply to Opp'n at 2.

3      On October 17, 2014, Plaintiff filed this motion under Rule 60(b) requesting that

4  the Court amend the 2006 judgment to make Defendant liable for the total unpaid

5  employment tax penalties (after credits and with accrued interest).  Pl.'s Mem. P. & A. at

6  1.

7                                    **STANDARD**

8

9      Under Rule 60(b)(6), a judgment may be set aside for "any other reason justifying

10 relief from the operation of a judgment."  As such, district courts have the authority to

11 vacate judgments "whenever such action is appropriate to accomplish justice."

12 <u>Klapprott v. United States</u>, 335 U.S. 601, 615 (1949).  However, there must be a

13 showing of "extraordinary circumstances" to justify relief.  <u>Ackerman v. United States</u>,

14 340 U.S. 193, 199 (1950); <u>United States v. Sparks</u>, 685 F.2d 1128, 1129 (9th Cir. 1982).

15 Repudiation of a settlement agreement that terminated litigation pending before a court

16 has been found to constitute an extraordinary circumstance justifying relief from a prior

17 judgment.  <u>Keeling v. Sheet Metal Workers Int'l Ass'n, Local Union 162</u>, 937 F.2d 408,

18 410 (9th Cir. 1991).

19

20                                     **ANALYSIS**

21

22     The parties' 2006 settlement agreement provided that a payment by Defendant

23 that was more than thirty (30) days late would constitute a material default.  Settlement

24 Agreement Ex. C, at 3.  It is undisputed that, after July 2008, Defendant failed to make

25 the agreed upon $50,000 payments and thus failed to comply with the original terms of

26 the agreement.  However, Defendant contends that the installment agreement he made

27 with IRS Officer Leibrand modified the 2006 settlement agreement, and that Officer

28 Leibrand had the implied authority to modify the agreement on behalf of the DOJ.  Opp'n

4

1   at 5.  To support his argument, Defendant points to two documents that he contends

2   modified the original settlement agreement: (1) a DOJ online payment authorization form

3   that he signed to authorize the $800 payments from his bank account, DOJ Online Form

4   Ex. 8, at 26, ECF 18-1; and (2) an IRS installment agreement signed by Defendant and

5   an IRS manager.  IRS Installment Agreement Ex. 9, at 28, ECF 18-1.  Defendant's

6   argument is unconvincing.

7         The original settlement agreement made clear that its terms could only be

8   modified in writing by the United States.  Settlement Agreement Ex. C, at 3.  The DOJ

9   online payment form is clearly not a "writing" as was intended by the settlement

10   agreement.  The document is a standardized payment form with no information about

11   Defendant's specific case or any indication that authorizing online withdrawals modified

12   Defendant's legal obligations to the DOJ.  Moreover, the form is only signed by

13   Defendant, which further cuts against Defendant's argument as Defendant's previous

14   interactions with the DOJ regarding the 2006 judgment were signed by the DOJ trial

15   attorney on the case.  Indeed, the original settlement agreement carried all the

16   formalities of a written agreement with the DOJ: the signature of the trial attorney, the

17   specific terms of the agreement, and a statement that the offer had "been accepted on

18   behalf of the Attorney General."  Settlement Agreement Ex. C, at 3.  In contrast, the

19   payment form in question bears no resemblance to a formal agreement in writing.  As

20   such, there is no indication that a new agreement with new payment terms was made in

21   writing, as required under the original settlement agreement.

22         As to the IRS installment agreement, this payment plan addresses a separate

23   liability owed by Defendant to the government for unpaid individual income taxes for

24   2009, 2010, 2011 and 2012.  IRS Installment Agreement Ex. 9, at 28.  This separate IRS

25   installment agreement has no bearing on Defendant's obligations to the DOJ under the

26   2006 judgment.

27         Finally, Defendant argues that Officer Leibrand acted under the implied authority

28   of the DOJ and, thus, that the installment plan she coordinated modified the prior

settlement agreement.  Opp'n at 6.  The Court does not need to consider the extent of Officer Leibrand's authority, since there is no convincing evidence of a modification that complies with the terms of the settlement agreement.

Based on these facts, there is insufficient evidence to show the 2006 settlement agreement was modified.  Therefore, Defendant has repudiated the settlement agreement by failing to make payments within the specified time period, and the Court has the authority under Rule 60(b) to issue an amended judgment.  See Keeling, 937 F.2d at 410.

**CONCLUSION**

For all the foregoing reasons, Defendants' Motion for Entry of Amended Judgment (ECF No. 14) is GRANTED. It is hereby ordered that:

1.      The previous Judgment (ECF No. 13) is VACATED.

2.      James L. Franklin is indebted to the United States in the amount of $545,680.99, plus interest pursuant to 26 U.S.C. §§ 6601(a), 6621, 6622(a) and 28 U.S.C. §1961(c), from October 27, 2014, until the judgment is paid, for the unpaid balance of Trust Fund Recovery Penalties for the following:

(a)      JL Construction Company for the calendar quarters ending March 31, 1991, June 30, 1991, and December 31, 1991;

(b)      The Stratus Group for the calendar quarters ending June 30, 1992, and September 30, 1993;

(c)      Stratus Development, Inc. for the calendar quarters ending June 30, 1996, September 30, 1996,; and December 31, 1996, and

(d)      Marina Group, LLC, for the calendar quarters ending December 31, 1997, March 31, 1998, June 30, 1998, September 30, 1998, December 31, 1998, and March 31,1999.

///

1       3.      No additional penalties will accrue or be assessed with respect to the

2 periods and entities set forth above in paragraph 1.

3       4.      The Clerk of the Court is directed to enter an Amended Judgment

4 consistent with this Memorandum and Order.

5       5.      Payments made on the prior Judgment are credited to the balance due set

6 forth above.

7       IT IS SO ORDERED.

8 Dated:  February 24, 2015

9

10

11                   MORRISON C. ENGLAND, JR., CHIEF JUDGE

12                   UNITED STATES DISTRICT COURT

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

7